IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INNA GOLOD,

                Plaintiff,

      v.

BANK OF AMERICA CORPORATION,
BANK OF AMERICA TECHNOLOGY AND
OPERATIONS, ICN., AND MBNA
TECHNOLOGY, INC.,
                Defendants.

Civil No. 08-746 (NLH)(AMD)


OPINION

**Appearances:**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite #600
P.O. Box 1675
Wilmington, DE 19899

     On behalf of plaintiff

Margaret M. DiBianca, Esquire
Elena D. Marcuss, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

     On behalf of defendants


**HILLMAN**, District Judge

     This matter, concerning plaintiff's claims of employment

discrimination, has come before the Court on defendants' motion

to dismiss plaintiff's complaint, and plaintiff's motion to amend

her complaint.  For the reasons expressed below, defendants'

motion will be granted, and plaintiff's motion will be denied as moot.

## BACKGROUND

Plaintiff, Inna Golod, a Russian-born naturalized American citizen of Jewish ancestry and religion, and a software engineer with two graduate degrees and twenty-three years of experience, was an employee of defendants from May 1996 through November 17, 2006, when she was terminated. In her complaint, plaintiff claims that during her tenure with defendants, and despite consistently positive performance evaluations, she was repeatedly denied promotions and education in key technology. She claims that this conduct by defendants was discrimination based on her sex, race, national origin, and religion and was retaliation for her complaints. She also claims that she was defamed while working for defendants, as well as suffered intentional infliction of emotional distress.

Defendants filed their instant motion to dismiss, arguing that plaintiff's religious discrimination claim should be dismissed for failure to exhaust administrative remedies;[1] her discrimination claims should be dismissed for failure to allege

---

[1] Plaintiff exhausted her administrative remedies with regard to her claims based on sex and national origin by filing her claims with the Delaware Department of Labor (DDOL) and the U.S. Equal Employment Opportunity Commission (EEOC), and receiving a "right to sue" letter from the EEOC after a finding of no reasonable cause by the DDOL. (See Compl. Exs. 1 and 2.)

she was subject to disparate treatment; her retaliation claims should be dismissed for her failure to allege that she engaged in any protected activity; her defamation claim should be dismissed for her failure to plead it with the required specificity; and her intentional infliction of emotional distress claim should be dismissed because it is barred by the exclusivity provision of the Worker's Compensation Act.

In response, plaintiff concedes that her religious discrimination and intentional infliction of emotional distress claims should be dismissed. With regard to her other claims, plaintiff argues that her complaint is sufficient to withstand defendants' motion, except that with regard to her defamation claim, she has moved for leave to file an amended complaint, which she purports further supports her claim. Defendants argue in reply that plaintiff's defamation claim is still insufficient, and again reiterates that the rest of her claims are without merit.

## DISCUSSION

### A.   Jurisdiction

This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### B.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure

3

to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, --- S. Ct. ---, 2009 WL 1361536, *16 (May 18,

4

2009) ("Our decision in Twombly expounded the pleading standard

for 'all civil actions' . . . ."); Phillips v. County of

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the

"Supreme Court's Twombly formulation of the pleading standard can

be summed up thus: 'stating ... a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required

element. This 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to

raise a reasonable expectation that discovery will reveal

evidence of' the necessary element"). A court need not credit

either "bald assertions" or "legal conclusions" in a complaint

when deciding a motion to dismiss. In re Burlington Coat Factory

Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The

defendant bears the burden of showing that no claim has been

presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)

(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406,

1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must

only consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.

Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group

Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider,

however, "an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's

5

claims are based on the document." Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).   If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment motion
pursuant to Rule 56.   Fed. R. Civ. P. 12(b).

C.   **Analysis**

  1.   **Plaintiff's sex, national origin, and race
       discrimination and retaliation claims (Counts I-IV)**

Plaintiff brings her sex, national origin, and race
discrimination claims pursuant to Title VII of the 1964 Civil
Rights Act, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.   She
claims that she was denied promotions, was retaliated against,
and otherwise discriminated against because of her sex (female),
her national origin ("Russian Jew"), and race ("Russian Jew").[2]
Defendants have moved to dismiss these claims because plaintiff

---

[2] Plaintiff concedes that she did not exhaust her
administrative remedies for any claim of religious
discrimination.   Because the Court finds that plaintiff's
complaint fails to state a claim for discrimination for reasons
other than her status in any particular protected class, the
Court need not determine whether plaintiff's Jewish religion may
also be considered her "race" for purposes of her § 1981 claim.
Cf., Al-Khazraji v. Saint Francis College, 784 F.2d 505, 517 (3d
Cir. 1986) (finding that § 1981 applied to an "Arab" plaintiff,
and noting that it does not apply only to a narrow definition of
"race": "Discrimination based on race seems, at a minimum, to
involve discrimination directed against an individual because he
or she is genetically part of an ethnically and physiognomically
distinctive sub-grouping of homo sapiens.").

has not alleged any facts to support a *prima facie* case of failure to promote, retaliation or discrimination.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Section 1981 prohibits discrimination based on race. In order to establish a *prima facie* case of discrimination under either statute[1], a plaintiff must provide sufficient evidence that she was: (1) a member of a protected class, (2) qualified for the position she sought, and (3) nonmembers of the protected class were treated more favorably. Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 318-19 (3d Cir. 2000) (citation omitted). More specifically, in order to establish a *prima facie* case for failure to promote under § 1981 or Title VII, a plaintiff has the initial burden of proving that: (1) she belongs to a protected category; (2) she applied for and was qualified for a job in an available position; (3) was rejected; (4) and, after the rejection, the position remained open and the employer continued to seek applications from persons of plaintiff's qualifications for the position. Bray v. Marriott Hotels, 110 F.3d 986, 990 (3d Cir. 1997).

---

[1]The standards applied to claims arising under Title VII and § 1981 are the same. Hutchins v. United Parcel Service, Inc., 197 Fed. Appx. 152, 156 (3d Cir. 2006) (citing Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001)); Lewis v. University of Pittsburgh, 725 F.2d 910, 920-21 (3d Cir. 1983).

Title VII also prohibits any form of retaliation based on an employee's opposition to discriminatory practices made unlawful under the statute.  To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action.  Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001).

Here, plaintiff claims that she was repeatedly denied promotions and that other people with her same skill set or less were promoted over her.  She also claims that every time she complained about being passed over for a promotion, she was denied further promotions.  She claims that the denial of promotions were based on her status as a "Russian Jew" female.

These claims fail to meet the Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 (2007) standard for pleading a meritorious case.  See Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 322 (3d Cir. 2008) (holding that the "plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination").  Twombly requires that a plaintiff must plead "enough factual matter (taken as true) to suggest the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

8

(discussing and quoting <u>Twombly</u>).  This requirement "simply calls
for enough facts to raise a reasonable expectation that discovery
will reveal evidence of the necessary element."  <u>Id.</u>  In this
case, plaintiff claims she is part of a protected class, and was
discriminated against and retaliated against because of it.  The
problem with this allegation is that she has failed to allege a
key element--namely, that nonmembers of the protected class were
treated more favorably.  Plaintiff has alleged that she was
passed over for promotions in favor of other people with the same
experience or less experience.  She does not claim that the
"other people" were not female, not Jewish, or not "Russian
Jews."

Furthermore, plaintiff does not plead which promotions she
was denied because of the alleged discrimination and retaliation.
She also does not explain what protected conduct she engaged in
that resulted in those unidentified promotions.  Instead,
plaintiff makes a sweeping claim that for ten years she was
discriminated against, and that this discrimination resulted in
her termination because she was never afforded the educational
and professional opportunities to remain a viable, up-to-date
employee.  Her conclusory allegations that her failure to be
promoted was a result of discrimination and retaliation cannot be
credited, and they are insufficient to demonstrate that she is
entitled to discovery to prove her claims.  <u>In re Burlington Coat</u>

Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)
(holding that a court need not credit either "bald assertions" or
"legal conclusions" in a complaint when deciding a motion to
dismiss); Twombly, 127 S. Ct. at 1969 n.8 (stating that in
weighing a motion to dismiss, a court asks "not whether a
plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claim" (internal
quotation omitted)).[4]

---

[4]Plaintiff argues that she does not need to plead all
elements of a *prima facie* case in order to withstand a motion to
dismiss, citing to Swierkiewicz v. Sorema, N.A., 534 U.S. 506,
512 (2002) and cases relying upon Swierkiewicz. That may still
be true but as the Twombly court pointed out, Swierkiewicz is not
a pleadings standard case. Twombly, 550 U.S. at 569-70 ("As the
District Court correctly understood, however, Swierkiewicz did
not change the law of pleading..."). Rather, the Swierkiewicz
Court simply rejected "the Second Circuit's use of a heightened
pleading standard for Title VII cases [as] contrary to the
Federal Rules' structure of liberal pleading requirements."
Twombly, 550 U.S. at 569-70. In fact, it was clear that the
Twombly majority was certain the plaintiff in Swierkiewicz would
have met the Twombly pleading standard because he provided the
level of factual specificity necessary to put the defendant on
notice of his claims. Id.(Swierkiewicz's pleadings "detailed the
events leading to his termination, provided relevant dates, and
included the ages and nationalities of at least some of the
relevant persons involved with his termination,...")(quoting
Swierkiewicz, 534 U.S. at 514).
    Here, this Court imposes no heightened pleading standard
upon the plaintiff, but she must still meet the pleading standard
minimum or floor established by Twombly and re-inforced by Iqbal:
"once a claim has been stated adequately, it may be supported by
showing any set of facts consistent with the allegations in the
complaint," Twombly, 550 U.S. at 569-70. At a minimum, plaintiff
must plead "enough factual matter (taken as true) to suggest the
required element." Phillips v. County of Allegheny, 515 F.3d 224,
24 (3d Cir. 2008). Unlike the plaintiff in Swierkiewicz,
plaintiff here has failed to plead facts beyond her alleged
status and lack of promotions. Plaintiff's general claims that

Consequently, because plaintiff's claims are broad, conclusory, and fail to allege the most basic elements of a Title VII or § 1981 claim, plaintiff's discrimination and retaliation claims must be dismissed.[5]

### 2.   Plaintiff's defamation claim

In her complaint, plaintiff alleges that defendants published false written statements about her strained working relationship with co-workers and her alleged inability to accept

---

she was discriminated against because of her gender and ethnicity are too broad to put the opposing party on notice of her claims, Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001), and, more simply, fail to provide a short and plain statement showing that she is entitled to relief, Cf.,Swierkiewicz, 534 U.S. at 514 ("Applying the relevant standard, petitioner's complaint easily satisfies the requirements of Rule 8(a) because it gives respondent fair notice of the basis for petitioner's claims.... His complaint *detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination*.")(emphasis added).  The instant complaint lacks the specificity and factual pleading found adequate in Swierkiewicz.

'Even though in civil rights cases a plaintiff may be afforded an opportunity to amend her complaint, the Court finds that it would be futile because defendants' motion alerted plaintiff to her pleading deficiencies, yet despite filing a proposed amended complaint with regard to her defamation claim, she did not attempt to amend her discrimination claims.  In essence, plaintiff has already had two bites at the apple.  Her failure to propose amendments to those counts in light of the defendants' pointed and clear challenges to them is convincing evidence that she has no such facts to plead. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (noting that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

responsibility.  She claims that defendants made these statements

through emails and evaluations with the intent for others to use

these statement to injure her.  She also claims that these

statements resulted in her inability to find new employment.

Defendants moved to dismiss this claim, arguing that it

fails because she has not allege the claim with sufficient

specificity, and because she has failed to allege the elements of

such a claim under Delaware law.  In response, plaintiff filed a

motion for leave to file an amended complaint with respect to her

defamation claim.[6]  Plaintiff's proposed amended count adds the

claim that in May 2006, plaintiff's manager circulated emails, to

people within the company who did not need to know, containing

statements about plaintiff's inability to perform her job.

Plaintiff claims that these emails were used in her termination

in November 2006.

In response to plaintiff's proposed amendment, defendants

---

[6]Plaintiff moved for leave to file an amended complaint
pursuant to Federal Civil Procedure Rules 15(a) & (c).  Because
defendants have not filed a responsive pleading, plaintiff was
not required to request leave of court to file an amended
complaint.  See  Fed. R. Civ. P. 15(a) (providing that a party
"may amend the party's pleading once as a matter of course at any
time before a responsive pleading is served"); Fletcher-Harlee
Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d
Cir. 2007) (citation omitted) ("[A] motion to dismiss is not a
responsive pleading and  . .  Rule 15(a), therefore, allows one
amendment as a matter of right up to the point at which the
district court grants the motion to dismiss and enters final
judgment.").

argue that not only is the claim still insufficient, it also makes clear that her defamation claim is barred by the applicable statute of limitations.

The Court agrees with defendants.  A claim of defamation requires the following elements to be established: "1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4) fault on the part of the publisher, and 5) injury to the plaintiff."  Smiley v. Daimler Chrysler, 538 F. Supp. 2d 711, 715-16 (D. Del. 2008) (citation omitted).  Both the defamatory character of the communication and the third party's understanding of the communication must be pled to establish a claim for defamation.  Id. at 716.  Any action alleging slander and/or libel must be filed within the two-year period from the date the alleged defamatory statement is communicated to the third party.  Id. (citing 10 Del. C. § 8119).

Plaintiff's amendment makes it clear that the alleged defamatory email was sent in May 2006.  She filed her complaint in October 2008.  Plaintiff's claim is therefore barred by the applicable statute of limitations, and must be dismissed.

### CONCLUSION

For the reasons expressed above, defendants' motion to

dismiss will be granted as to all counts in plaintiff's

complaint.  Plaintiff's motion to amend will be denied as moot.

An appropriate Order will be entered.

Date: _June 4, 2009_                                 _Noel L. Hillman_

                                          NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

14